FILED
2012 Dec-21  AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN  DIVISION

| | | |
|---|---|---|
| **DARRYL WALLACE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:12-cv-03504-AKK** |
| **CITY OF BESSEMER, and** | ) | |
| **CODY BOYD,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darryl Wallace brings this action for damages against Officer Cody Boyd, in his individual and official capacities, and the City of Bessemer for alleged violations of the Fourth Amendment.  Doc. 1.  Defendant seeks dismissal of the complaint, doc. 8, but Wallace subsequently amended, doc.14.  Based on the amended complaint, Defendants' motion to dismiss for insufficient factual allegations, vagueness, and ambiguity is **MOOT**.  Additionally, for the reasons set forth below, Defendants' motion is **DENIED**  based on statutory, state-agent, and qualified immunity.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a

1

short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also*

*Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

## II. PROCEDURAL AND FACTUAL BACKGROUND[1]

On October 6, 2010, Wallace was driving on a public highway in Bessemer, Alabama when Officer Boyd pulled him over. Doc. 14 at ¶ 7. At that time, Wallace presumed Officer Boyd pulled him over based on a call from a man named Blanks[2] but did not know the extent of Blanks' allegations against him. *Id.* at ¶ 13. Wallace contends that he was unarmed and had no idea that his father's hand gun was in the glove compartment of the vehicle. *Id.* at ¶ 14. After Wallace pulled to the side of the road, placed his vehicle in park, and rolled down his window, two police officers approached. *Id.* at ¶¶ 8-11. Although Wallace's hands were visible, Officer Boyd came to the car window with his gun drawn, pointed the gun directly in Wallace's face, and instructed Wallace to exit the car.

---

[1]"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

[2] No other identifying information is provided for Blanks.

*Id*. at ¶¶16-19.  Wallace responded "yes sir" and slowly exited the vehicle with both hands raised in the air.  *Id*. at ¶¶ 20-22.

Once Wallace was out of the car, Officer Boyd's partner and two other Bessemer Police Officers approached with their weapons pointed at Wallace.  *Id*. at ¶ 23.  Officer Boyd then instructed Wallace to "get on the ground."  *Id*. at ¶ 24. Wallace immediately complied by dropping to his knees and then lying face down on the ground with his hands behind his back.  *Id*. at ¶ 25.  Allegedly, while on the ground, Officer Boyd and the other officers beat Wallace, cuffed him, and then continued to beat him for several more minutes.  *Id*. at ¶ 26-27.  Wallace alleges also that the officers cursed him and used racially derogatory terms.  *Id*. at ¶ 28. Eventually, Officer Boyd forcefully pulled Wallace up by his arms and placed him in the back of a police car.  *Id*. at ¶¶ 30-31. As a result, Wallace suffered serious injuries to his pancreas, kidneys, hip, wrists, and shoulder.  *Id*. at ¶ 26, 30. Wallace contends that he also suffered mental distress.  *Id*. at ¶ 34.

## III. ANALYSIS

Wallace raises claims against the City of Bessemer and Officer Boyd for the use of excessive force during an alleged unlawful arrest.  *See* doc. 14. Defendants assert, however, that the complaint is due to be dismissed because (1) Wallace has failed to state a claim upon which relief can be granted, (2) the

complaint contains insufficient factual allegations, (3) the complaint is so vague

and ambiguous that Defendants cannot reasonably prepare a response, and (4)

Defendants' are immune from suit.  *See* doc. 8.  Wallace's amended complaint,

doc. 14, corrected the alleged pleading deficiencies, and thus the court will not

discuss Defendants' first three contentions.  The remaining contentions are

discussed below with respect to each defendant.

## A.      The City of Bessemer[3]

Wallace alleges that Bessemer is liable for excessive force under Alabama

Code § 11-47-190 because Officer Boyd was acting in his official capacity as a

police officer at the time of the alleged beating and unlawful arrest.  Doc. 14 at 5-

6.  Bessemer asserts municipal immunity under Alabama Code § 11-47-190, which

states that "[n]o city or town shall be liable for damages or injury done to or wrong

suffered by any person or corporation, unless such injury or wrong was done or

suffered through *neglect, carelessness, or unskillfulness of some agent, officer, or*

*employee* of the municipality engaged in work therefor and while acting in the line

---

[3] Defendants assert also that Wallace failed to state a federal claim against Bessemer by failing to allege the existence of an unconstitutional policy or procedure that caused the alleged deprivation.  Doc. 8 at ¶ 4.  However, Wallace's complaint does not appear to allege a Fourth Amendment claim against Bessemer.  It specifically alleges a federal claim against Officer Boyd and then alleges "excessive force under state law against Cody Boyd and The City of Bessemer[.]"  Doc. 14 at 5.  Accordingly, the court will not discuss this issue.  To the extent Wallace does allege a federal claim against Bessemer, it is due to be dismissed for the reason raised by Defendants.  *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1145 (11th Cir. 2007).

of his or her duty[.]"  Ala. Code § 11-47-190 (1975) (emphasis added).  In his

amended complaint, Wallace specifically alleges that Officer Boyd "acted with

unreasonableness, in that, [he] acted with *negligence, carelessness, or*

*unskillfulness* in effecting the unlawful arrest of [Wallace] on a misdemeanor

charge that was not seen in the officer's presence." Doc.14 at ¶ 38.  In other

words, Wallace alleges that Bessemer is not entitled to immunity because Officer

Boyd, an employee of Bessemer, acted with "negligence, carelessness, and

unskillfulness."  Accordingly, the court cannot agree that Wallace's claim is due to

be dismissed at this juncture and Defendants' motion is **DENIED**.

## B.    Officer Cody Boyd

In addition to liability under Alabama Code § 11-47-190, Wallace alleges

that Officer Boyd is also liable for use of excessive force in violation of the Fourth

Amendment. *See* doc. 14.  Officer Boyd contends that he is immune from suit

based on both Alabama state-agent immunity and federal qualified immunity

because he was engaged in the discretionary function of effectuating a lawful

arrest.  Doc. 8 at ¶¶ 5-6.

### 1.    State-Agent Immunity

Under Alabama law, "[e]very peace officer . . . shall have immunity from

tort liability arising out of his or her conduct in performance of any discretionary

function within the line and scope of his or her law enforcement duties."  Ala.

Code § 6-5-338(a).  However, "a State agent shall not be immune from civil liability in his or her personal capacity . . . when the State agent acts *willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law*."  *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000) (emphasis added).  Although Wallace's complaint does not explicitly allege that Officer Boyd's conduct was willful, malicious, fraudulent, in bad faith, beyond his authority, or under a mistaken interpretation of the law, Wallace pled facts that, if true, create a reasonable inference that Officer Boyd did so. Specifically, Wallace alleges that Officer Boyd effectuated an unlawful arrest and intentionally beat Wallace after Wallace surrendered and Officer Boyd handcuffed him.  Therefore, the court finds that Wallace's complaint is sufficient to defeat Officer's Boyd's assertion of state-agent immunity and Officer's Boyd's motion is **DENIED**.

   2.   Qualified Immunity

   "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Ordinarily, qualified immunity entitles officers like Officer Boyd to immunity from suit, not just liability.  *See id.* However, Wallace alleges in his complaint that a "skillfull officer would have known that the beating was excessive in light of (1) the need to apply force; (2)

7

the relationship between the need to apply force and the amount of force applied; (3) the extent of the injuries; (4) the threat to the officers or other inmates; (5) any effort made by the officer to temper the forced response; (6) the plaintiff was not fleeing; [and] (7) there was no threat to the public." Doc. 14 at ¶ 40.  In other words, Wallace alleges that Officer Boyd is not entitled to qualified immunity because he violated Wallace's clearly established right to be free from excessive force and that, in light of these factors, a reasonable officer would have known his conduct violated this right.  Based on these allegations, Officer's Boyd's motion is **DENIED**.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion regarding pleading deficiencies is **MOOT** but **DENIED** on the basis of immunity.

**DONE** this 21st day of December, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE